UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS VILLANUEVA ABARCA (A# 222-557-113),

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-05436 DAD SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The assigned District Judge severed this action from the multi-petitioner case Villanueva Abarca, et al. v. Chestnut, et al., No. 1:26-cv-03630 DAD SCR (E.D. Cal.), ECF No. 12, and assigned the matter to the undersigned to issue findings and recommendations on the merits of Petitioner's individual claims. ECF No. 14.

## I. Factual and Procedural History

Petitioner, a native and citizen of Mexico, entered the United States without inspection in 2006 and has been continuously present since. ECF No. 1 at 7, ¶¶ 42-43. He resides in Utah with his partner and two U.S.-citizen children. Id. at 7-8, ¶¶ 44-46. Immigration and Customs Enforcement ("ICE") agents arrested Petitioner on April 21, 2026, in Midway, Utah, as part of an immigration enforcement operation. Id. at 8, ¶ 53; ECF No. 8-1 at 2 (Form I-213). He is detained at the California City Detention Facility within this judicial district. ECF No. 1 at 2, ¶ 2.

Petitioner filed the instant petition on May 11, 2026, challenging his immigration detention on three grounds: (1) Violation of the Immigration and Nationality Act ("INA") on grounds his detention is not authorized under 8 U.S.C. § 1225(b)(2); (2) Violation of the Fifth Amendment Due Process Clause (Procedural Due Process); and (3) Violation of the Fifth Amendment Due Process Clause (Substantive Due Process). ECF No. 1 at 20-23. By way of relief, Petitioner requests, *inter alia*: (1) a declaration that he may only be detained pursuant to the provisions of 8 U.S.C. § 1226, and that Respondents may not detain him pursuant to § 1225(b); and (2) an order that he be released if not provided a bond hearing within seven days. Id. at 23.

Respondents oppose the petition and provide evidence that on August 7, 2007, Petitioner was convicted of attempted identity fraud under Utah Code § 76-6-1102 and sentenced to 364 days in jail with 18 months' probation. ECF No. 8-2 at 5 (FBI "rap sheet"). Respondents argue that Petitioner is not eligible for release from immigration custody because his fraud conviction constitutes a crime involving moral turpitude ("CIMT") under 8 U.S.C. § 1226(c)(1)(A) and 8 U.S.C. § 1182(a)(2)(A)(i)(I). ECF No. 8 at 3-4. Respondents further argue that Petitioner's failure to challenge the applicability of § 1226(c) to his conviction through a hearing pursuant to Matter of Joseph, 22 I. & N. Dec. 799 (BIA 1999) warrants dismissal for failure to exhaust. Finally, Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) as an applicant for admission. ECF No. 8 at 6.

On reply, Petitioner argues that exhaustion of his § 1226(c) objections through a Joseph hearing is impossible because, due to the government's § 1225(b)(2)(A) theory, an immigration judge ("IJ") has no jurisdiction to hear it. ECF No. 10 at 4. Petitioner urges the Court to order a bond hearing to clear a path for an IJ to rule on the CIMT question. Id. at 5. Petitioner further argues that his conviction fits within the "petty theft" exception at 8 U.S.C. § 1182(a)(2)(A)(ii), rendering § 1226(c)(1)(A) inapplicable to his detention. Id. at 9-10.

## II. Analysis

The statutory and regulatory framework governing immigration detention is complex. "Where a [noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to

contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Petitioner's statutory claim challenges Respondents' reinterpretation of 8 U.S.C. § 1225(b)(2)(A) as authority for his detention and seeks access to a bond hearing before an IJ under § 1226. Respondents counter that Petitioner is subject to mandatory detention under both 8 U.S.C. § 1225(b)(2) and § 1226(c)(1)(A). The undersigned will address each provision in turn.

**A. Applicability of 8 U.S.C. § 1225(b)(2)**

Respondent's argument for § 1225(b)(2) relies on the minority view of cases. See H.F. v. Albarran, No. 1:25-cv-1795 TLN EFB, 2025 WL 3691081, at *3 (E.D. Cal. Dec. 19, 2025); Salcedo Aceros v. Kaiser, No. 25-cv-6924 EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).

> Courts in this Circuit have found that Section 1225 applies to those apprehended upon arrival to the United States while Section 1226 applies to those already living within the United States. See, e.g., Bostock, 779 F. Supp. 3d at 1257 (finding petitioner likely to succeed on merits of argument that 1225(b)(2)(A) "should be read to narrow mandatory detention under that subsection to noncitizens who are apprehended while seeking to enter the country, and that noncitizens already residing in the United States, including those who are charged with inadmissibility, continue to fall under the discretionary detention scheme in Section 1226") (internal quotation marks omitted); J.A.C.P. v. Wofford, No. 1:25-cv-01354-KES-SKO-HC, 2025 WL 3013328, at *6–7 (E.D. Cal. Oct. 27, 2025).

E.L.D.M. v. Becerra, No. 1:25-cv-1906 DJC JDP, 2025 WL 3707140, at *3 (E.D. Cal. Dec. 22, 2025); see also Gutierrez v. Chesnut, No. 1:25-cv-1515 DAD AC (HC), 2025 WL 3514495, at *4 (E.D. Cal. Dec. 8, 2025) ("Numerous district courts have held that § 1226, rather than § 1225, applies to individuals who were physically present in the United States for some period of time before they were detained by ICE."). The undersigned agrees with the majority view and finds that the applicable statute governing Petitioner's detention is § 1226, and not § 1225(b)(2).

The undersigned also notes the increasing body of appellate case law outside the Ninth Circuit on this issue. The undersigned declines to follow Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), and Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026), for the reasons articulated in De La Paz Salazar, et al. v. Noem, No. 1:26-cv-0899 DC SCR, 2026 WL 915128, at *4 (E.D. Cal. Apr. 3, 2026). The undersigned instead finds persuasive the Second Circuit's extensive analysis in Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026). See also Hernandez Alvarez

v. Warden, Federal Detention Ctr. Miami, 175 F.4th 1258 (11th Cir. 2026) (holding that § 1226(a) governs detention of "unadmitted [non-citizens] found in the interior of the United States" and that such non-citizens "are eligible for bond while they go through immigration proceedings"); Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026) (holding that § 1226(a) governs detention of individuals who entered without inspection but are arrested in the interior of the United States).

Accordingly, at this point in the analysis, Petitioner is detained generally under § 1226. The undersigned will next analyze whether Petitioner is subject to the "default" provision at § 1226(a) or "falls into one of the enumerated categories involving criminal offenses" that triggers mandatory detention under § 1226(c). Jennings v. Rodriguez, 583 U.S. 281, 303 (2018).

**B. Applicability of 8 U.S.C. § 1226(c)(1)(A)**

Before addressing the CIMT question, the undersigned considers the parties' exhaustion arguments. "The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Singh v. Holder, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011)). Courts may require exhaustion as a prudential matter when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (citation omitted). "If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies,'" unless exhaustion is excused. Hernandez, 872 F.3d at 988 (citing Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011)). The exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004).

Generally, principles of prudential exhaustion require a noncitizen to pursue a Joseph

hearing before raising § 1226(c) objections in habeas. See Buckley v. Chestnut, et al., No. 1:26-cv-02624-DAD-JDP, 2026 WL 1030931, at * 2-4 (E.D. Cal. Apr. 16, 2026) (declining to waive prudential exhaustion requirements because petitioner's appeal of his Joseph hearing was pending). However, Petitioner's impossibility arguments are well taken. Even if Petitioner prevails in a Joseph hearing, he will remain subject—as far as the immigration judge is concerned—to mandatory, § 1225(b)(2) detention under the BIA's binding decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025). Therefore, the undersigned finds that pursuit of administrative remedies would be futile and waives that requirement. See Lopez Lopez v. Warden, No. 1:26-CV-03556-DAD-CKD (HC), 2026 WL 1346694, at *1 n.1 (E.D. Cal. May 14, 2026) (waiving exhaustion through a Joseph hearing where the government argued the petitioner was subject to § 1226(c) and § 1225(b)(2)).

Turning to the statutory analysis, Respondents claim Petitioner is subject to § 1226(c)(1)(A), which "makes detention mandatory for any [noncitizen who is inadmissible by reason of having] committed any offense covered in 8 U.S.C. § 1182(a)(2), which in turn applies to any [noncitizen] 'convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of' any [CIMT].'" Prior v. Andrews, No. 1:25-cv-01131-JLT-EPG, 2025 WL 2675569, at *2 (E.D. Cal. Sept. 18, 2025) (quoting 8 U.S.C. § 1182(a)(2)). Petitioner's 2007 conviction under Utah Code § 76-6-1102 is a CIMT for purposes of the statute. See Rodriguez-Heredia v. Holder, 639 F.3d 1264, 1268-69 (10th Cir. 2011) ("[B]ecause [Utah Code § 76-6-1102] requires fraudulent intent in all circumstances regardless of whether anything of value is obtained . . . it categorically describes a [CIMT].").

Petitioner counters that his conviction falls under § 1182(a)(2)'s "petty theft" exception. "Under the exception, § 1182(a)(2)(A)(i)(I) 'shall not apply' if (1) the [noncitizen] 'committed only one crime,' (2) 'the maximum penalty possible for the [predicate CIMT] . . . did not exceed imprisonment for one year,' and (3) 'if the [noncitizen] was convicted of such crime, the alien was not sentenced to a term of imprisonment in excess of 6 months.'" Cervantes v. Holder, 772 F.3d 583, 587 (9th Cir. 2014) (quoting 8 U.S.C. § 1182(a)(2)(A)(ii)(II)).

The first requirement appears met. Although Respondents argue Petitioner was convicted

of two CIMTs, its evidence reflects a single disposition on two charges under § 76-6-1102 arising from the same June 2007 arrest. ECF No. 8-2 at 5; see also ECF No. 8-1 at 3 (Form I-213 describing Petitioner's criminal history as a single, June 2007 misdemeanor conviction). The undersigned is satisfied that this constitutes "only one crime" for purposes of 8 U.S.C. § 1182(a)(2)(A)(ii). See Ballinas-Lucero v. Garland, 44 F.4th 1169, 1173 (9th Cir. 2022) ("[A] noncitizen with only one conviction for a CIMT crime is not inadmissible if the crime qualifies under the 'petty offense exception.'") (citing Castillo-Cruz v. Holder, 581 F.3d 1154, 1159 (9th Cir. 2009)). The second requirement is also met. The record reflects Petitioner was convicted of a Class A misdemeanor, which under Utah state law can be punished with term of imprisonment "not exceeding 364 days." Utah Code § 76-3-204.

However, Petitioner's conviction does not meet the third requirement. Petitioner argues that his 364-day sentence was suspended and that he served no jail time. ECF No. 10 at 9-10. But the petty theft exception excludes sentences greater than six months "regardless of the extent to which the sentence was ultimately executed." 8 U.S.C. § 1182(a)(2)(A)(ii)(II). Based on the plain language of the statute, Petitioner does not qualify for the exception because his sentence exceeded six months. See Loza-Rodriguez v. Barr, 828 F. App'x 464, 465 (9th Cir. 2020) (holding petitioner's 11-month suspended sentence did not qualify for the petty theft exception because it exceeded six months).

Accordingly, based on the record, Petitioner appears subject to 8 U.S.C. § 1226(c)(1)(A) and is not entitled to his requested statutory relief of a bond hearing before an IJ. See Avilez v. Garland, 69 F.4th 525, 530 (9th Cir. 2023) (Under § 1226(c), "a noncitizen is not statutorily entitled to a bond hearing.") (citing Jennings, 583 U.S. at 304). By extension, because Petitioner's three-month, § 1226(c) detention is still within the brief, constitutionally permissible period contemplated by the Supreme Court in Demore v. Kim, 538 U.S. 510 (2003), Petitioner is not entitled to relief on his procedural and substantive due process claims. See Demore, 538 U.S. at 530-31 (holding the petitioner's six-month detention under § 1226(c) was "constitutionally permissible" despite being "somewhat longer than average."). The undersigned recommends that the petition be denied without prejudice to renewal as Petitioner's § 1226(c) detention becomes

more prolonged. See Nielsen v. Preap, 586 U.S. 392 (2019) (recognizing the right to bring as-applied challenges to § 1226(c) detention); Demore, 538 U.S. at 532 (Kennedy, J., concurring) ("[S]ince the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident [noncitizen] . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified.").

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that Petitioner's § 2241 petition for writ of habeas corpus be DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 23, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE